Filed 8/30/22  P. v. Silverstein CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094295 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CF05303) |
| v. | |
| REBECCA LYNN SILVERSTEIN, | |
| Defendant and Appellant. | |

Defendant Rebecca Silverstein appeals from the trial court's order denying her motion to terminate probation early.  She contends that at the hearing on her petition the trial court erred by admitting hearsay evidence, evidence of a crime for which she was not convicted, and opinion testimony from the probation officer.  She further contends the trial court abused its discretion in denying her petition, improperly allowed the prosecutor to make inflammatory and defamatory remarks regarding her mental health, and was biased in favor of the prosecution.

1

We requested supplemental briefing from the parties on defendant's probationary status, and whether her appeal was moot given that her three-year probationary term apparently expired in March 2022 while this appeal was pending. Having considered the parties' supplemental briefs, we shall dismiss the appeal as moot.

## FACTS AND HISTORY OF THE PROCEEDINGS

In September 2018, defendant was charged with assault with a firearm (Pen. Code, § 245, subd. (a)(2); count 1; statutory section citations that follow are found in the Penal Code unless otherwise stated); recklessly fleeing a pursuing peace officer's vehicle (Veh. Code, § 2800.2, subd. (a); count 2); carrying an unregistered, loaded firearm (§ 25850, subd. (a); count 3); and resisting, obstructing, or delaying a peace officer (§ 148, subd. (a)(1); count 4). The court also issued a criminal protective order in favor of the assault victim. (§ 136.2.)

Shortly after the complaint was filed, the court suspended criminal proceedings after defense counsel declared a doubt as to defendant's mental competency under section 1368. In January 2019, the court reinstated criminal proceedings after receiving a report from an appointed forensic clinical psychologist that defendant was mentally competent.

On January 24, 2019, defendant pleaded no contest to an added count 5, assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)) in exchange for dismissal of the remaining counts with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) The parties stipulated to the probation report as the factual basis for the plea. According to the probation report, defendant assaulted her estranged husband with a firearm at the hospital where he worked after he refused to refill medication that he had prescribed for her as a doctor. She later refused to yield when officers attempted a traffic stop, committing numerous traffic violations before she was arrested.

On March 28, 2019, the trial court suspended imposition of sentence and placed defendant on three years domestic violence formal probation with various terms and

2

conditions. Approximately two months later, the trial court transferred probation supervision to New York where defendant was residing.

In May 2021, defendant filed a pro. per. petition requesting that the trial court terminate her probation early (§§ 1203.1, 1203.3, subd. (a)), reduce her conviction from a felony to a misdemeanor (§ 17, subd. (b)), and permit her to withdraw her no contest plea and enter a plea of not guilty and thereafter dismiss the charges against her (§ 1203.4). At a hearing on June 3, 2021, the trial court denied defendant's request to terminate probation early, and then continued her requests to reduce her conviction from a felony to a misdemeanor, as well as her request for dismissal, until defendant had completed probation. The court set a continued hearing in January 2022.

Defendant timely appealed the trial court's denial of her petition for early termination of probation.

## DISCUSSION

The trial court placed defendant on three years formal probation on March 28, 2019, and later denied her petition to terminate her probation early. On appeal, she challenges the propriety of the court's denial. Before turning to the merits of defendant's appellate claims, we first consider whether her appeal has been rendered moot by events that occurred after the trial court ruled.

" ' "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant him [or her] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal" ' as moot." (*People v. DeLeon* (2017) 3 Cal.5th 640, 645.) Because more than three years have elapsed since defendant was placed on probation, we requested supplemental briefing on whether defendant had completed her full probationary term while this appeal was pending, and, if so, whether her appeal

3

challenging the court's order denying early termination of probation was moot. (*City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 479 [an appellate court may examine the issue of mootness on its own motion].)

The parties agree that defendant completed her three-year probationary term in March 2022. They disagree, however, on whether completing her full probationary term moots the present appeal.

The People contend defendant's appeal is moot and should be dismissed because this court cannot provide defendant any effective relief regarding the trial court's denial of her petition to terminate probation early.

Defendant, by contrast, argues that her appeal is not moot because it affects her substantial rights as she intends to file a federal civil rights lawsuit against Butte County. Alternatively, she contends that several exceptions to the mootness doctrine apply, including that the appeal presents an issue of public importance that may evade review, that even if it is not an important public issue, this court should decide the appeal because there may be a recurrence of the controversy between the parties, and that dismissing the appeal as moot would leave material questions unanswered. To support her arguments, defendant attached numerous documents or transcripts to her supplemental brief that were not before the trial court when it denied her petition for early probation termination, and which relate to events that occurred after the court's challenged ruling. (*People v. Waidla* (2000) 22 Cal.4th 690, 703, fn. 1 [ordinarily an appeal is limited to the underlying record on appeal].)

After considering the parties' supplemental briefs, we conclude that the People have the better argument. It is undisputed that defendant has completed her three years of formal probation and is no longer under probation supervision. Defendant's appeal is moot because this court cannot offer her any effective relief regarding the early termination of probation.

The fact that defendant may file a federal action against Butte County based on her prosecution in this case does not mean that declining to decide the appeal affects her substantial rights. Regardless of whether we decide the appeal, defendant may still bring her federal action if she so chooses.

Nor are we persuaded that any of the exceptions to the mootness doctrine warrant exercising our discretion to decide defendant's appeal. While it is true, as defendant argues, that a reviewing court may exercise its discretion to decide a moot case if it raises an important issue that is likely to recur yet evade review (see, e.g., *People v. DeLeon, supra*, 3 Cal.5th at p. 646; *Conservatorship of Wendland* (2001) 26 Cal.4th 519, 524, fn. 1), nothing in the present record convinces us that this is such a case.

In *DeLeon*, for example, our Supreme Court exercised its discretion to decide what procedures should govern all parole revocation proceedings under the Realignment Act. (*People v. Deleon, supra*, 3 Cal.5th at p. 646.) In *Conservatorship of Wendland*, even though the conservatee had passed away, the court exercised its discretion to decide an appeal that raised the fundamental rights of incompetent conservatees to privacy and life, and the corresponding limitations on conservators' power to withhold life-sustaining treatment because the case demonstrated such important issues tended to evade review as they typically concerned persons whose health was seriously impaired. (*Conservatorship of Wendland, supra*, 26 Cal.4th at p. 524, fn. 1.) We are not faced with similar issues with such wide-ranging and public implications here. Rather, defendant's appeal raises questions uniquely peculiar to her and the hearing where the court denied her petition.

And, even if we assume that other unidentified defendants may have sued Butte County for malicious prosecution as defendant argues without record support, this says little, if anything, about whether defendant's appeal presents an important public issue that should be decided despite the mootness of her appeal.

We similarly reject defendant's contention that the controversy may recur between the parties here. Defendant was criminally prosecuted in Butte County after a domestic

5

dispute between her and her estranged husband over prescription drug medication that defendant no longer takes. Defendant is no longer married to the victim, and has since moved across the country, ending contact with him. Thus, the likelihood of a future confrontation between defendant and her ex-husband that results in defendant being arrested and prosecuted by Butte County is minimal and defendant does not explain how ruling on the trial court's denial of defendant's motion to terminate probation early has anything to do with possible future prosecution. Any federal lawsuit defendant may file against Butte County or other defendants is also unlikely to raise the same issues as presented on her petition to terminate probation early.

Likewise, defendant has failed to show that material questions regarding the propriety of declining to terminate probation early would remain such that we should exercise discretion to decide the appeal. For example, *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, upon which defendant relies, differs markedly from defendant's appeal. Unlike here, *Eye Dog Foundation* was a declaratory relief action regarding the constitutionality of an entire statutory scheme governing seeing eye dogs. (*Eye Dog Foundation*, at pp. 540-542.) Defendant's appeal does not raise any action for declaratory relief, and certainly not one that challenges the constitutionality of an entire statutory scheme.

Because defendant completed her probationary term during the pendency of this appeal, we cannot provide her with any effective relief regarding the court's denial of her request to terminate her probation early. Her appeal is moot, and we decline to exercise our discretion to decide the appeal.

DISPOSITION

The appeal is dismissed as moot.

_____
HULL, Acting P. J.

We concur:

_____
RENNER, J.

_____
EARL, J.